ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Mar-26 14:33:19
04CV-20-929
C19WD01 : 7 Pages

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| PHILLIP MARTINEZ-NOLAN | | PLAINTIFF |
| | CASE NUMBER: | |
| v. | | |
| TYSON SALES AND DISTRIBUTIONS, INC. | | DEFENDANT |

## TITLE VII, ADA, AND FMLA COMPLAINT

COMES NOW Phillip Martinez-Nolan, by and through counsel Matthew A. Kezhaya ABA # 2014161 and Sonia A. Kezhaya ABA # 2013236, both of Kezhaya Law PLC, with a complaint for constructive discharge due to violations of the Americans with Disabilities Act ("**ADA**") (42 USC § 12101 et seq.), Title VII of the Civil Rights Act of 1964 ("**Title VII**") (42 USC § 2000e), and the Family Medical Leave Act ("**FMLA**") (29 USC § 2601 et seq.).

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the persons and subject of this cause.
2. Venue properly lies with this Court.

### PARTIES

3. Plaintiff Phillip Martinez-Nolan is a former employee of Tyson Sales and Distribution, Inc. ("**Tyson**"). Of importance to this case, Plaintiff is a Messianic Jew of Israeli descent, has diabetes, and was prohibited from reasonable medical accommodations as ordered by his physician. Plaintiff's place of employment was in Defendant's chicken processing facility, commonly known as "Chick'n Quick," which is located in Rogers, Arkansas. Plaintiff complains of unlawful employment discrimination and hostile work environment based on race, national identity, and religion which is all barred by Title VII; discrimination and hostile

work environment based on disability which is barred by the ADA; and denial of medical accommodations and retaliation for FMLA leave which are both barred by the FMLA.

4. Defendant Tyson is a multinational corporation in the business of manufacturing and purveying food. Tyson owns the intellectual property rights to several well-known food brands, including Jimmy Dean, Hillshire Farm, Sara Lee, Ball Park, Wright Brand, Aidells, and State Fair. Of importance to this suit, Tyson operates the chicken processing facility in Rogers, Arkansas, where Plaintiff suffered unlawful employment practices.

5. According to Tyson's 2018 Form 10-K (an annual report required by the Securities Exchange Act of 1934), Tyson employed approximately 121,000 employees as of September 29, 2018. See id., https://s22.q4cdn.com/104708849/files/doc_financials/quartely/2018/q4/TSN-FY18-10-K.pdf at pp. 3, 6, 10, and 20.

6. Tyson is a Delaware corporation lawfully licensed to transact business in the State of Arkansas. Defendant's headquarters is within Washington County. Defendant is accused of violating Plaintiff's statutory employment rights as set forth by Title VII, the ADA, and the FMLA.

## ALLEGATIONS OF FACT

7. Plaintiff began working with Tyson on August 9, 2018.

8. The employment relationship continued until Plaintiff was constructively discharged, on or about October 24, 2019.

9. Plaintiff timely filed an EEOC complaint, **EXHIBIT 1** (EEOC complaint with narrative).

10. The EEOC issued a right to sue letter on January 15, 2020. **EXHIBIT 2** (right to sue letter).

11. For the duration of his tenure, Plaintiff served in the maintenance department on D Shift.

12. D Shift is the graveyard shift.

13. During the course of his employment, Plaintiff was repeatedly subjected to a hostile work environment on the basis of his Jewish identity.

14. For example, on January 4, 2019, a group of coworkers were watching a History Channel documentary in the break room.

15. The subject of the documentary was the Holocaust and World War II.

16. Brandon Grimmit, an employee with supervisory authority over Plaintiff and who knew of Plaintiff's Jewish identity, indicated his opinion that "Hitler did a good thing" by conducting the Holocaust, and "Hitler was very smart."

17. Grimmit is a self-described Neo-Nazi, white supremacist, and Odinist.

18. Grimmit regularly reminded Plaintiff that Grimmit is a Neo-Nazi, white supremacist, and Odinist.

19. Grimmit regularly threatened Plaintiff and singled Plaintiff out for adverse treatment.

20. On or around January 19, 2019, Plaintiff complained to Dale Coffelt, another employee in the chain of management, about the above to no avail.

21. Additionally, management was aware that Plaintiff suffers from diabetes.

22. As a diabetic, Plaintiff has a medical need to manage his blood sugar levels with medicine. If Plaintiff does not manage his blood sugar, he suffers adverse health effects.

23. Jodi Akerman, another employee in the chain of management, prohibited Plaintiff from checking his blood sugar during work hours because it was "gross" and constituted "theft of company time."

24. Last, following an injury, Plaintiff sought and obtained FMLA leave.

25. Upon return to work, Doctor's orders were for Plaintiff to engage in light duty, meaning he was generally barred from pulling, pushing, or lifting anything over 25 pounds.

26. Plaintiff could perform his essential job duties while the instruction was followed.

27. Defendant received these written instructions.

28. Defendant regularly followed similar doctors' orders for other employees.

29. But Jacob Coffelt, who was Plaintiff's direct supervisor, declined to follow those instructions and ordered Plaintiff to engage in greater physical activity than his normal job activities.

30. Jacob Coffelt also prohibited Plaintiff from going to physical therapy.

31. When Plaintiff raised the issue of his FMLA rights, Jacob Coffelt stated he didn't care what the FMLA said.

32. Because Defendant refused Plaintiff's reasonable workplace accommodations, Plaintiff was reinjured.

33. Plaintiff's doctor reiterated the instruction, but Jacob Coffelt indicated that Plaintiff would not be allowed to work.

34. More broadly, Plaintiff was repeatedly subjected to mockery and adverse treatment by management and his coworkers because of medical condition and in retaliation for taking FMLA leave. The mockery typically took place over radio communications which broadcasted to all employees.

35. During his tenure, Plaintiff was regularly reminded by management that they want him to quit.

36. Repeatedly during his tenure, Plaintiff complained to management and human resources ("HR") about the above.

37. Plaintiff's complaints went ignored and unresolved.

38. Plaintiff also requested placement on C Shift, which is an earlier shift than D Shift.

39. Defendant had jobs available on C Shift but refused to move Plaintiff.

40. On or about October 24, 2019, Plaintiff reasonably found his working conditions intolerable and quit.

41. On February 12, 2020, Plaintiff demanded a copy of his HR file from Tyson but did not receive it.

42. Tyson's refusal to provide Plaintiff's counsel with the HR file indicates further bad faith.

## CAUSES OF ACTION

### Count 1: ADA violation

43. The ADA prohibits discrimination on the basis of disability. 42 USC § 12112.

44. The ADA requires employers to give reasonable accommodations.

45. Plaintiff is a diabetic, which is a "disability" within the meaning of the ADA.

46. Plaintiff was prohibited from checking and maintaining his blood sugar.

47. Plaintiff was regularly harassed and abused because of his disability.

48. Plaintiff timely complained to management and HR.

49. Plaintiff's complaints to management and HR went ignored and unresolved.

50. Any reasonable person would have found their working conditions intolerable.

51. Plaintiff was regularly informed that management intended to force Plaintiff to quit.

52. Tyson constructively discharged Plaintiff because of his disability.

### Count 2: Title VII violation

53. Title VII prohibits discrimination on the basis of race, religion, or national origin. 42 USC § 2000e-2.

54. Title VII also prohibits an employer from creating a hostile work environment.

55. Plaintiff is a member of a protected class by virtue of being a Messianic Jew of Israeli descent.

56. Plaintiff was regularly harassed and abused because of his protected class.

57. Plaintiff timely complained to management and HR.

58. Plaintiff's complaints to management and HR went ignored and unresolved.

59. Any reasonable person would have found their working conditions intolerable.

60. Plaintiff was regularly informed that management intended to force Plaintiff to quit.

61. Tyson constructively discharged Plaintiff because of his protected class.

### Count 3: FMLA violation

62. The FMLA prohibits an employer from terminating an employee for seeking FMLA leave. See 29 USC § 2614(a)(2).

63. Plaintiff was prohibited from reasonable accommodations following his return to work.

64. Plaintiff was also regularly harassed and abused in retaliation for seeking FMLA leave.

65. Any reasonable person would have found their working conditions intolerable.

66. Plaintiff was regularly informed that management intended to force Plaintiff to quit.

67. Tyson constructively terminated Plaintiff in retaliation for seeking FMLA leave.

### Count 4: ACRA violation

68. The Arkansas Civil Rights Act also prohibits employers from employment discrimination, importantly on the basis of race, religion, national identity, or disability. ACA § 16-123-107.

69. As described above, Tyson discriminated against Plaintiff on the on the basis of race, religion, national identity, or disability.

### JURY DEMAND

70. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays this Court enter an order finding Tyson willfully breached Plaintiff's rights under the ADA, Title VII, FMLA, and ACRA; order money judgment against Tyson for back pay and liquidated benefits compensation; order Tyson to reinstate Plaintiff in a similar role on C Shift or, alternatively, A or B Shift; order prejudgment and postjudgment interest at lawful rates; for a reasonable attorney's fee, for compensation for expert witness fees, for costs of this litigation; and for all other relief to which the Court finds Plaintiff entitled.

Respectfully submitted on March 26, 2020,
on behalf of Plaintiff
By: /s/ Matthew A. Kezhaya

Matthew A. Kezhaya, ABA# 2014161
**KEZHAYA LAW PLC**
1202 NE McClain Rd
Bentonville, AR 72712
phone: (479) 431-6112
facsimile: (479) 282-2892
email: matt@kezhaya.law

## EXHIBIT LIST

1. EEOC complaint

2. Right to sue letter

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Mar-26  14:33:19
04CV-20-929
C19WD01 : 5 Pages

Exhibit 1
EEOC Complaint
4 pages

2   Phillip L Martinez- Nolan Tyson ID number 957385   11/06/2019

constantly. On August 14, 2019 following the violent outburst from Raphael, I went to Scott Valentine, who is the Superintendent. I told him what had just transpired, and I was ordered to move to the raw side of the plant which is the same Shift D and was placed under the supervision of Maintenance Supervisor Lead Jodi Akerman. Jodi is also a friend of the same other people who had been abusing me. Immediately, the treatment is the same and worse. See, they all meet multiple times a day in the smoke shack to gossip and exchange conversation. I told Jodi I needed to be checking my blood sugar. He said no, "we don't need blood squirting all over the break room". I tried to explain that is a myth and that it is a tiny little drop. He said I do not want you doing that at work while you're on Tyson time, do it on your own time at home and that if I check my blood while at work that is stealing from Tyson so I will not be allowed to maintenance my diabetes. So, I only got to check my sugar a couple of time under Jodi. The first part of September, I was injured while doing sports activity. I went to the Dr. I was evaluated, given X rays the told I should not return to Tyson until September 23, 2019. The FMLA paperwork the Dr filled out was clear that I should be on "Light Duty for the next 8 weeks so I could have a chance to heal. When I reported to Tyson, with the FMLA paperwork and written instructions in hand. I was put back on regular full duty. I was pulling hundreds of pounds of equipment all over the plant and reinjured my hip and hip joint. I once again had to go back to the Emergency Room and my physician who again put off work until September 24, 2019. He gave me a new FMLA packet and was upset Tyson had put me on full duty and had ignored his order for light duty. He was frustrated and wrote out the FMLA and emphasized I was to be on light duty and to not pull, push, lift anything over 25 pounds. On September 22, 2019 I drove to Tyson and gave these new FMLA papers to Juana Picasso, Human Resources. I spoke to my Maintenance Supervisor Jacob Coffelt, who told me there will not be light duty for maintenance and that I will not be allowed to work. It was clear these same people wanted me out and gone and had for a long time. I also drove to Tyson Corporate Headquarters in Springdale, Arkansas the first part of October 2019 and told the Corp Human Resources manager everything that had happened the last year to me. I went to Tyson on Thursday the 24th of October and withdrew under Constructive Discharge. I was actually very sick even driving onto the premises. These are so many instances of abuse on me the last year by maintenance staff, I cannot remember them all. It is interesting anytime there is a Hispanic, Woman, minority in the RTE that complains of abuse they are put on the Raw End of the plant, the offenders are never moved or written up. Also, there is not any minority that is a Maintenance supervisor anywhere in the plant and never has been. I told Tyson Corporate Office, that Tyson Chick N Quick needs policing. RTE Production Supervisors are all witnesses as to how I have been treated; Houston Kerr, Maintenance is also a witness. There are many other witnesses. I could not have continued to work at Tyson without being forced to work with unchecked blood sugar levels for 13 hours daily at a time. I would have also been subjected to ridicule and forced to work on full duty despite Dr's orders I be on light duty for 8 weeks. I would have been subject to more mental, verbal abuse and constructive physical abuse by forcing me on full duty while ordered to be on light duty and more constructive physical abuse by being forced to work with un managed diabetes, by not being allowed to check and take medication and sugar for the treatment of. Also, my evaluation by Tyson shows I was meeting expectations; I have never been written up or been in trouble at Tyson. That is my record. I had Maintenance Supervisors in power and authority over me at work and I was forced to work full duty, instead of light duty as directed by physician. By their actions my hip and back became

3      Phillip L Martinez- Nolan Tyson ID number 957385   11/06/2019

hurt worse. I have repeatedly requested a Workman's Comp claim to Tyson, and they refuse. I have all the emails to prove this. I also explained to Tyson Human Resources that part of this Workman's Comp claim is for any damage that I could have from not being allowed to check my diabetes and take medications hundreds of times during my 14 months of employment at Tyson Chick-N-Quick. Also, I was on FMLA approx. 2 and a half weeks and was not paid the standard 60% by Tyson when an employee is on FMLA. There are so many instances of abuse it is hard to believe I could be treated like this by Tyson and its favorite employees. I was once hit very hard in the testicles by maintenance worker Ryan on D Shift while we were setting up the grind line. He hit me in the testicles with his steel wrench. After the months of abuse by Tyson's favorite I elected to just take the pain and stay quiet. He hit me as if it was in jest and to be regarded as a mistake. My Maintenance supervisors had direct power and charge over me and did nothing to prevent this or to address these things and the same goes for the Human Resources Office. I made many requests to be transferred to a new shift with different people and was told no. Who will protect employees from this type of abuse? Tyson has been sued many times for mistreating employees as I have discovered in the public record. How many investigations have OSHA and EEOC conducted at Tyson Plants? Forcing me to full duty despite my physician's instruction to be on light duty for 8 weeks and forcing me to work at very high blood sugar levels and very low by not allowing me to check my blood sugar is a violation of Core Safety Mandates and an OSHA violation. I ask for a full investigation and remedy under the laws. Also, I was born with Special Needs and am a Special Needs Person and have always been in a "Special Needs Category while in public schools and also in College. I am learning disabled and have worked hard to overcome this to try and live in a normal life. It has been apparent to Tyson all my medical disabilities and I was not allowed to advance or sustain my work by discrimination and abuse and willful abuse. Federal FMLA protections for me were not followed and in fact violated by Tyson Staff and in fact caused me to be injured more severely. Of the fourteen months I was not allowed to manage my diabetes at work properly, there is no way to know the long term affects this will have on my health and organs or life expectancy. If this is not Constructive Discharge, I do not know what is. Sincerely Phillip L Martinez-Nolan Tyson ID Number 957385 Social Sec

I humbly ask EEOC for a full investigation. This letter will also accompany my claim for Workmen's Comp as well as the U.S. Department of Labor.

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Mar-26 14:33:19
04CV-20-929
C19WD01 : 4 Pages

**Exhibit 2
Right to sue letter
3 pages**

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Phillip L. Martinez<br>P.O. Box 6504<br>Siloam Springs, AR 72761 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-00409 | Chris E. Stafford, Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

JAN 15 2020

(Date Mailed)

Enclosures(s)

cc: Lola Hithon
VP Emloyement Compliance
TYSON FOODS INC
2200 Don Tyson Parkway Cp 422
Springdale, AR 72762

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "**mitigating measures**" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment may be substantially limiting even though it lasts or is expected to last **fewer than six months.**

"**Regarded as**" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.


# CT Corporation

**Service of Process Transmittal**
04/03/2020
CT Log Number 537490441

**TO:** AMANDA RUPERT
Tyson Foods, Inc.
2200 W DON TYSON PKWY
SPRINGDALE, AR 72762-6901

**RE:** **Process Served in Arkansas**

**FOR:** Tyson Sales And Distribution, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Philup Martinez-Nolan, Pltf. vs. Tyson Sales and Distributions, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 04CV20929 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Little Rock, AR |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/03/2020 postmarked on 04/01/2020 |
| **JURISDICTION SERVED:** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/03/2020, Expected Purge Date: 04/08/2020 |
| | Image SOP |
| | Email Notification, Loriane Pickell  loriane.pickell@tyson.com |
| | Email Notification, Jane Duke  jane.duke@tyson.com |
| | Email Notification, AMANDA RUPERT  amanda.rupert@tyson.com |
| | Email Notification, Sue Arens  sue.arens@tyson.com |
| | Email Notification, ELI GLASSER  eli.glasser@tyson.com |
| **SIGNED:**<br>**ADDRESS:** | CT Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL

$9.500
US POSTAGE
FIRST CLASS
FROM 72712
04/01/2020

9445 5118 9956 2481 4360 81

Tyson Sales and Distrubutions Inc.
c/o C T Corporation System
124 West Capitol Avenue Suite 900
Little Rock AR 72201-3731

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## 19TH WEST CIRCUIT DIVISION 1

MARTINEZ NOLAN V TYSON SALES AND DISTRIBUTIONS INC

04CV-20-929

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

TYSON SALES AND DISTRIBUTIONS INC
c/o C T CORPORATION SYSTEM
124 WEST CAPITOL AVENUE
SUITE 1900
Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matthew A. Kezhaya
1202 NE McClain Road
Bentonville, AR 72712

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

Address of Clerks Office

CLERK OF COURT

BRENDA DESHIELDS, CIRCUIT CLERK
CIRCUIT COURT OF BENTON COUNTY
102 NORTHEAST A STREET
BENTONVILLE, AR  72712

Tani Ross

Deputy Clerk Tani D Ross, DC

Date: 03/26/2020